IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>TERRIE WHITMAN,<br><br>        Defendant. | 8:13CR159<br><br>ORDER |

This matter is before the court on the government's Motion for Reconsideration (Filing No. 155). The government filed a brief (Filing No. 156) in support of the motion. The defendant did not respond. The government moves the court to reconsider the language in the Judgment (Filing No. 154) remitting the remaining balance of restitution owed by the defendant. *See* Filing No. 155 - Motion.

## BACKGROUND

On May 6, 2013, an Information was filed against the defendant alleging the defendant, and three co-defendants, took and carried away, with the intent to steal, personal property from the Ohiya Casino & Resort in the Santee Sioux Indian Reservation in the District of Nebraska. *See* Filing No. 1 - Information. On October 9, 2013, the defendant pleaded guilty to theft of property in Indian Country. *See* Filing No. 59 - Petition to Enter a Plea of Guilty. On January 2, 2014, the court entered judgment against the defendant and sentenced the defendant to two years of probation and ordered her to pay a $25.00 special assessment and $884.84 in restitution. *See* Filing No. 97 - Judgment; Filing No. 98 - Statement of Reasons (Sealed). The defendant and co-defendants are jointly and severely liable for the restitution. *See* Filing No. 97 - Judgment.

According to the government, on April 7, 2014, the defendant paid the $25.00 special assessment in full and continues to owe a balance of $759.84 in restitution. *See* Filing No. 156 - Brief. On July 17, 2014, the defendant appeared before the court on a Petition for Warrant or Summons for Offender Under Supervision (Petition). *See* Filing No. 145 - Petition; Filing No. 147 - Text Minute Entry. On August 21, 2014, the court

entered judgment against the defendant for violating the conditions of her probation. **See** Filing No. 154 - Judgment.  As part of the judgment, the court ordered "the remaining balance of restitution is remitted as to this defendant only." *Id.*  On August 25, 2014, the government filed the instant motion seeking reconsideration of the court's order.  **See** Filing No. 155 - Motion.  The government argues the court is without authority to remit restitution orders entered under the Mandatory Victim Restitution Act of 1996 (MVRA).  **See** Filing No. 156 - Brief.

## ANALYSIS

"The MVRA amended the Victim and Witness Protection Act to require that a sentencing court 'shall order' the defendant to pay restitution to a 'victim' of any covered offense." *United States v. Senty-Haugen*, 449 F.3d 862, 865 (8th Cir. 2006) (**quoting** 18 U.S.C. § 3663A(a)(1)).  Under the MVRA, "when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense[.]"  18 U.S.C. § 3663A(a)(1).  As relevant to this matter, subsection (c) provides, "[t]his section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense . . . that is . . . an offense against property under this title . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss."  18 U.S.C. § 3663A(c)(1)(A)-(B).  Few courts have considered this issue, but those few that have addressed this issue agree § 3664(o) sets forth the only source of authority to modify a restitution order.  Under 18 U.S.C. § 3664(o),

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that--
>   (1) such a sentence can subsequently be--
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;
>     (B) appealed and modified under section 3742;
>     (C) amended under subsection (d)(5); or
>     (D) adjusted under section 3664(k), 3572, or 3613A; or
>   (2) the defendant may be resentenced under section 3565 or 3614.

2

18 U.S.C. § 3664(o). While a restitution order under MVRA may be modified under the limited conditions in 18 U.S.C. § 3664(o), MVRA "dictate[s] that a district court cannot remit a mandatorily imposed restitution order." **United States v. Leftwich**, 628 F.3d 665, 668 (4th Cir. 2010) (**quoting** **United States v. Roper**, 462 F.3d 336, 339 (4th Cir. 2006)); **see also United States v. Wyss**, 744 F.3d 1214, 1219 (10th Cir. 2014) (holding the district court could not reduce the amount of restitution owed except under § 3664(o)); **United States v. Banks**, CR 12-10, 2014 WL 3827202, at *2-5 (D. D.C. Aug. 4, 2014) (same); **United States v. Nelson**, 2013 WL 3381436, at *1 (E.D. Mich. 2013) (unpublished) ("[O]nce a restitution order has been established, it cannot be amended absent a showing of one of the factors in § 3664(o)[.]"); **United States v. Hamburger**, 414 F. Supp. 2d 219, 224 (E.D.N.Y. 2006) (A district court "is without authority to reduce its restitution order as a modification of the terms of probation."). Considering the defendant has offered no argument that might suggest remittance is permitted and none of the conditions in § 3664(o) apply, the restitution is reinstated and the defendant continues to owe $759.84 to the victim in this case. A hearing on the government's motion was not held because the defendant did not object to the imposition of restitution at the time of sentencing or oppose the government's instant motion. The defendant shall make restitution payments in accordance with the Schedule of Payments as set forth in the court's January 2, 2014, Judgment. **See** Filing No. 97 - Judgment p. 6-7.

**IT IS ORDERED**:

The government's motion (Filing No. 155) is granted. The Judgment (Filing No. 154) is amended to order the defendant to pay restitution to the victim in the amount of $759.84.

Dated this 11th day of September, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge